



## MEMORANDUM OPINION

No. 04-11-00161-CV

In the **INTEREST OF E.R.N.** and A.A.N., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-01540
Honorable Solomon J. Casseb, III, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 26, 2011

AFFIRMED

This is an appeal from a trial court's order terminating appellant mother's parental rights to her children, E.R.N., a child with special needs, and A.A.N.  We affirm the trial court's judgment.

### BACKGROUND

The Texas Department of Family and Protective Services ("the Department") sought termination of appellant's parental rights to her children after appellant was charged with assaulting her mother while A.A.N was in appellant's arms.  At the conclusion of the termination hearing, the trial court terminated appellant's parental rights, finding it was in the children's best

---

[1] The Honorable Solomon J. Casseb, III is the presiding judge of the 288th Judicial District Court, Bexar County, Texas.  However, the Honorable Charles Montemayor signed the termination order at issue in this appeal.

interest and that appellant: (1) failed to comply with a court order that established the actions necessary for her to gain custody of her children; and (2) had a mental or emotional illness that rendered her unable to provide for the physical, emotional, and mental needs of her children. The trial court found appellant's illness would render her unable to provide for the children's needs until the children turned eighteen years old, the Department had been the temporary or managing conservator of the children for the preceding six months, and the Department had made reasonable efforts to return the children to appellant.

Appellant timely filed her motion for new trial, statement of appellate points, notice of appeal, and affidavit of indigency. After a hearing, the trial court denied the motion for new trial, ruled appellant was indigent for purposes of appeal, and found appellant's points of appeal were not frivolous. On appeal, appellant contends the evidence was legally and factually insufficient to: (1) sustain a finding appellant did not comply with the provisions of the court order; (2) sustain the finding that appellant's emotional or mental illness rendered her unable to meet the needs of her children; and (3) support the court's finding that termination of appellant's rights was in the best interest of her children.

### ANALYSIS

Parental rights may be terminated only upon proof of clear and convincing evidence that the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code ("the Code"), and that termination is in the best interest of the children. TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2010); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "[T]he appellate standard for reviewing termination findings is whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

**Standard of Review**

When we review whether the evidence was legally sufficient, we view the evidence in a light most favorable to the judgment and give due deference to the factfinder's conclusions. *In re J.O.A.*, 283 S.W.3d at 344. We therefore assume the trial court resolved the disputed facts in favor of its findings so long as a reasonable factfinder could do so, and disregarded all evidence a reasonable factfinder could have disbelieved. *Id.* We do not disregard all evidence that does not support the finding because doing so could skew our analysis, but if no factfinder could have formed a firm belief that its findings are true, the evidence is legally insufficient. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

To determine factual sufficiency, we consider, in light of the entire record, the evidence a factfinder could reasonably have found to be clear and convincing, and the evidence must be such that a reasonable factfinder could form a firm belief that its finding is true. *Id.* We will sustain a factual sufficiency challenge only if the evidence is "'so weak or . . . so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.'" *In re C.H.*, 89 S.W.3d 17, 24-25 (Tex. 2002) (quoting *In re J.N.R.*, 982 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1998, no pet.)).

**Finding of Mental or Emotional Illness or Deficiency**

In her second and third issues, appellant complains the evidence was legally and factually insufficient to support the trial court's finding that she had a mental or emotional illness that would prevent her from being able to provide for the children's needs. Appellant also contends the evidence was legally and factually insufficient to support the trial court's finding that termination of appellant's rights was in the best interest of the children.

Termination of the parent-child relationship is permitted under section 161.003(a) of the Code if the court finds:

> (1) the parent has a mental or emotional illness or a mental deficiency that renders the parent unable to provide for the physical, emotional, and mental needs of the child;
>
> (2) the illness or deficiency, in all reasonable probability, proved by clear and convincing evidence, will continue to render the parent unable to provide for the child's needs until the 18th birthday of the child;
>
> (3) the Department has been the temporary or sole managing conservator of the child of the parent for at least six months preceding the date of the hearing on the termination . . . ;
>
> (4) the Department has made reasonable efforts to return the child to the parent; and
>
> (5) the termination is in the best interest of the child.

TEX. FAM. CODE ANN. § 161.003(a).

"While mental incompetence or mental illness alone are not grounds for termination of the parent-child relationship, when a parent's mental state allows him to engage in conduct which endangers the physical or emotional well-being of the child, that conduct has bearing on the advisability of terminating the parent's rights." *In re C.D.*, 664 S.W.2d 851, 853 (Tex. App.—Dallas 1984, no writ); *see also In re A.I.G.*, 135 S.W.3d 687, 692 (Tex. App.—San Antonio 2003, no pet.).

As for the best interest of the child, there is a strong presumption that it is in the child's best interest to remain with a parent. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). A non-exhaustive list of factors may be used to determine the best interest of a child. *See In re J.F.C.*, 96 S.W.3d at 261-62. The applicable factors include: (1) "the desires of the child," (2) "the emotional and physical needs of the child now and in the future," (3) "any emotional and

physical danger to the child now and in the future," (4) "the parenting ability of the individuals seeking custody," (5) "the programs available to assist those individuals to promote the best interest of the child," (6) "the stability of the home or proposed placement," and (7) "the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one." *Id.* The factfinder is not required to consider every factor, and no single factor is controlling. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

### The Evidence

At trial, appellant admitted she had been diagnosed with bi-polar disorder and was currently taking medication to treat the disorder. Appellant also admitted her children were taken away after she assaulted her mother while A.A.N. was in appellant's arms; appellant received deferred adjudication for the assault. During the pendency of the case, appellant admitted she was charged with assaulting the children's father as well as another woman in a parking lot, but stated those charges were dropped.

After the children were removed from appellant and placed in foster care, appellant was ordered to undergo counseling sessions with Carlos Castillo, a counselor with the Department. At the time of trial, Castillo had seen appellant every other week since October 2009. Castillo testified bi-polar disorder can manifest itself with violent outbursts or increased irritability, and he was worried about appellant's tolerance level for E.R.N. because he has special needs. Castillo was aware appellant was arrested for assaulting her mother, and that appellant was involved in a physical altercation with the children's father and another woman in a parking lot. Along with the bi-polar disorder, Castillo opined appellant's parenting was hindered because she was border-line functioning and intellectually disabled.

Castillo testified he had seen very minimal progress in appellant's "insight to parenting" and appellant did not make good parenting decisions. Castillo stated he did not believe appellant understood the needs of a special needs child. Castillo then testified appellant had no capacity to take care of the children and "that's not going to change."

Richard Lane, a psychotherapist for the children, was tasked with observing visitations between appellant and her children. Lane testified E.R.N. has a delay in his speech, vocabulary, cognitive reasoning, and social skills for his age group. E.R.N. was five and A.A.N. was three at the time of trial. Along with these developmental problems, Lane testified E.R.N. also has a seizure disorder. Because of these special needs, Lane testified E.R.N. can be very difficult to handle at times, and therefore, needs a very structured home and school environment, as well as a parent with a strong support system. Lane testified appellant's support system—appellant's mother, brother, sister, and neighbor—would interfere with the type of structure E.R.N. requires because the family has shown signs of physical, mental, and behavioral problems. Despite this, Lane testified appellant loves her children, and they love her. Lane has never seen appellant in a manic or depressive state and has never seen appellant acting violently with the children. Finally, Lane testified he did not believe the children should be placed in long-term foster care, but that after at least six more months of therapy, the children may be able to go home with appellant. Lane qualified his answer by stating it could take much longer than six months or that it might never happen. Lane believed the best situation would be for the children's current foster parents to adopt them while allowing appellant some visitation rights.

Furthermore, there was testimony that at the time of trial, the children had been placed in the new foster parents' home for about three weeks and Lane had noticed some recent progress with E.R.N. The children's foster mother testified she was a special needs teacher with the

Liberty Hill Independent School District and was a Certified Nursing Assistant in Florida. She testified that when the children were first placed in their home, E.R.N. would only grunt and point to things he wanted, but eventually opened up and started asking for them. She attributed E.R.N.'s progress to a stable and structured home life. She said a typical day consists of the children dressing themselves, going to day care, having free time at home to play, having dinner, then a bath, and finally bedtime. The foster mother testified if they were allowed to adopt the children, E.R.N. would be transferred to her classroom for the morning session and then finish out the day at a day care facility with A.A.N. She also testified if she and her husband were allowed to adopt the children, they would be open to allowing visits with appellant as long as the children's therapist approved.

Keeping the standard of review in mind, we hold the above evidence was both legally and factually sufficient to allow a reasonable factfinder to form a firm belief or conviction that: (1) termination of appellant's parental rights was in the children's best interest; (2) appellant's mental or emotional deficiency renders her unable to provide for the physical, emotional, and mental needs of E.R.N. and A.A.N.; and (3) appellant, in all reasonable probability, was unable to provide for her children's needs until their eighteenth birthdays.

Because we need to find only one of the stated grounds for termination, as well as the best interest of the children, sufficient to uphold the trial court's termination order, we need not address appellant's first issue. *See In re E.M.N.*, 221 S.W.3d 815, 821 (Tex. App.—Fort Worth 2001, no pet.).

### CONCLUSION

Because we need not address appellant's first issue, and we overrule appellant's second and third issues, the trial's court judgment terminating appellant's parental rights is affirmed.

Marialyn Barnard, Justice